457 A.2d 909

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert LAWRENCE.**

Superior Court of Pennsylvania.

Submitted May 5, 1982.

Filed Feb. 4, 1983.

Reargument Denied April 12, 1983.

Petition for Allowance of Appeal Denied July 13, 1983.

Steven H. Goldblatt, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

A. Charles Peruto, Jr., Philadelphia, for appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

The Commonwealth has appealed from an order suppressing certain articles taken during a burglary on the ground that the police who seized the items had conducted an improper investigatory stop of the car where they were found.

The order of the trial court granting appellee's motion to suppress the articles will substantially handicap the Commonwealth's case, if not effectively terminate the prosecution. Therefore, this appeal is properly before our court. *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971).

At 3:50 a.m. on Tuesday, October 2, 1979, Officer Jeffrey Miller of the Philadelphia Police Department, while on patrol, observed a station wagon, being driven by appellee, about to leave the driveway at 3432 Warden Drive in the East Falls section of Philadelphia. Officer Miller was familiar on a personal and professional basis with both Warden Drive and the East Falls section of the city, having been born and raised in East Falls and having been assigned, as a police officer, for at least a two year period, to patrol that part of East Falls where Warden Drive is found. He drove past the address in question almost every day during that time period. When Officer Miller passed by 3432 Warden Drive in the early morning hours of October 2, 1979, he

recognized the station wagon being driven by appellee as having been parked in the driveway on prior occasions. He also knew, because of his familiarity with the neighborhood, that appellee and his companion were not occupants of the residence located at 3432 Warden Drive. After Officer Miller had passed in his police car, appellee drove out of the driveway. Officer Miller followed the station wagon and subsequently stopped it. He then asked appellee, the driver of the vehicle, to produce an owner's card for the station wagon. Neither appellee nor his passenger could do so. While the officer was questioning the men, he observed a television set, a clock and a glass jar of quarters in plain view on the car seats. It was these items that were suppressed by the trial court. Appellee was detained while the police checked the residence and learned from the occupants that their home had been burglarized.

Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. On review, we are required to determine whether the record supports the trial court's factual findings, and whether the inferences and legal conclusions drawn by the trial court from those findings are appropriate. We are to consider the testimony and evidence presented by the prosecution and that portion of the evidence presented by the defense that remains uncontradicted. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980). Having applied this standard of review to the record in this case, we conclude that the trial court's crucial finding of fact number eight (8) is not supported by the evidence in this case, and, therefore, that the trial court erred in suppressing the evidence.

In finding of fact number eight (8), the trial court stated that "[t]he *only* reason for the stop made by the arresting officer was that the station wagon was being operated by two Black males in an area he knew to be occupied by white people only." (Emphasis supplied). Although the race of the appellee and his companion was a factor in Officer

Miller's decision to stop the station wagon, it was not "the only reason" expressed by him at the suppression hearing. On the contrary, Officer Miller testified as follows:

> Based on my own personal knowledge of the East Falls area, based on my own personal knowledge of the 3400 block of Warden Drive, based on my own personal knowledge of the vehicle, of seeing it in and around the area, in and around the neighborhood, in a gas station, based on my knowledge of no black families residing in that area, based on it being 4 a.m. in the morning, I thought it might be somewhat suspicious and stopped this vehicle for investigation.

In fact, finding of fact number eight (8) is not only contradicted by the record, it is also contradicted by the trial court's own findings one (1) through four (4), in which the other factors considered by the police officer prior to detaining appellee, were stated as factual findings.

■■■ It is our conclusion from a review of the record that the facts of this case, as found by the trial court, would lead a police officer reasonably to conclude, in light of his experience and knowledge, that criminal activity may be afoot. The late hour and the officer's familiarity with the neighborhood, the occupants of the house and the particular vehicle led him reasonably to suspect that a theft of the vehicle might be in progress. Therefore, Officer Miller was justified in stopping and briefly detaining appellee for investigatory purposes. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such an intermediate response, in the absence of probable cause to arrest, has been approved by this Court. *Commonwealth v. LeSeuer*, 252 Pa.Super. 498, 382 A.2d 127 (1977). When neither appellee nor his companion could produce an owner's card and the officer observed the items in the car, he had probable cause to arrest appellee. *See Commonwealth v. Benson*, 239 Pa.Super. 100, 361 A.2d 695 (1976).

There is no basis for suppressing the proceeds of a burglary observed in plain view after a proper investigatory

stop of a vehicle. Therefore, the order suppressing this evidence will be reversed and the case remanded for trial.

Order reversed and case remanded for trial.

Jurisdiction is relinquished.