614 A.2d 291

**COMMONWEALTH of Pennsylvania**

v.

**Carl DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1992.

Filed Sept. 11, 1992.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, CIRILLO and MONTGOMERY, JJ.

CIRILLO, Judge.

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We affirm.

On February 2, 1990, defendant/appellant Carl Davis (Davis) was arrested and charged with possession of a controlled substance and possession with intent to deliver a controlled substance (cocaine). 35 Pa.S.A. § 780–113. The trial court heard and denied Davis's pre-trial motion to suppress the evidence seized at the time of arrest. After a bench trial, before the Honorable Jane Cutler Greenspan, Davis was convicted of both offenses. After his post-trial motions were denied, Davis was sentenced to one to two years of imprisonment to be followed by five years of probation. This timely appeal followed.

On February 2, 1990, Police Officer Anthony Jones, while on patrol, received a radio call which stated "6054 Irving Street, person with a gun." With the siren on and lights flashing on the marked patrol car, Jones and his partner, Officer Verdell Johnson, were in front of the specified address within thirty seconds.[1] Officer Jones exited the vehicle, approached the house, and walked up the steps to the front porch. The front door was completely open so the officer had an unobstructed view of the living room inside. At the suppression hearing, Officer Jones testified:

> I arrived at that location and the door was open. I observed a black male, who was the defendant, sitting in a chair who jumped up and looked in my direction, and I noticed that the butt of a gun was sticking out of his waistband. I drew my revolver out and approached the male and, for my own protection, I recovered the weapon. And in the immediate area I observed a brown, paperbag, which the male was trying to stuff under the couch.

Officer Jones entered the dwelling, frisked Davis, removed the gun, and placed Davis under arrest.[2] Officer Jones then picked up the brown paper bag, looked inside, and found 151 clear plastic vials which were later determined to contain a total of 7.13 grams of cocaine.

Davis now raises the following issue for our consideration: Was it not error for the motion judge to rule admissible physical evidence seized by police after an arrest made in a home, where the police entered that home without a warrant without having observed any unlawful conduct or con-

---

1. Officer Johnson's actions are not discussed in detail in the record. The record merely indicates that Officer Johnson was present at the scene.

2. The record reveals that another male, who Jones initially did not see through the open doorway, was present in the living room with Davis. When Officer Jones entered and approached Davis, this man attempted to exit out the back door. However, as the back door was locked, the man was unable to leave and was taken into custody. The record reveals nothing further about the unidentified man.

  The record also refers to a woman who apparently had been upstairs in the single family dwelling. The woman came downstairs approximately five to ten minutes after Officer Jones entered the living room. The woman's identity is not disclosed in the record.

traband: they saw appellant in that home in apparently lawful possession of a gun?

In an appeal from a denial of a motion to suppress evidence, we must determine whether the record supports the trial court's factual findings, and whether the inferences and legal conclusions drawn by the trial court from those findings are legitimate. *Commonwealth v. Lawrence,* 311 Pa.Super. 326, 328, 457 A.2d 909, 910 (1983). In making this determination, we may only consider the evidence of the Commonwealth witnesses and so much of the evidence of the defense witnesses, as fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Frank,* 407 Pa.Super. 500, 502, 595 A.2d 1258, 1259, 1259 (1991). If the evidence supports the factual findings of the trial court, we are bound by such findings and may reverse only if there is an error in the legal conclusions drawn from the factual findings. *Id.*

Davis contends that the warrantless arrest was unconstitutional due to the lack of probable cause or exigent circumstances. We do not agree.[3] Whether the police have probable cause to make an arrest depends on whether, at the time of arrest, "there are facts and circumstances within the knowledge of the arresting officer that are reasonably trustworthy and sufficient to warrant a person of reasonable caution [to] believ[e] that the arrestee has committed the offense." *Commonwealth v. Chase,* 394 Pa.Super. 168, 171–172, 575 A.2d 574, 575 (1990). In determining whether probable cause existed, the totality of the circumstances must be considered. *Id.* As the panel in *Chase* explained:

> When we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element.... Finally, we must remember that in dealing with questions of probable cause, we are *not* dealing in

3. As the trial court stated in its opinion, "[d]efendant's argument that one cannot arrest a person with a gun in a house misses the crucial facts that the officer reasonably concluded that defendant had been seen with a gun outside the house since the door was wide open and someone had complained...."

certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same "beyond a reasonable doubt" standard which we apply in determining guilt or innocence.

*Chase,* 394 Pa.Super. at 172, 575 A.2d at 575 (citations omitted) (emphasis on original).

While an informant's tip alone may not constitute probable cause, it is well-established that independent observation of a suspect's conduct may be sufficient corroboration to yield probable cause. *See Commonwealth v. Jones,* 506 Pa. 262, 484 A.2d 1383 (1984); *see also Commonwealth v. Miley,* 314 Pa.Super. 88, 460 A.2d 778 (1983) (probable cause for issuance of search warrant existed where informant's tip was corroborated by police officer's independent observation of defendant who matched description given by informant); *Commonwealth v. Robinson,* 410 Pa.Super. 614, 600 A.2d 957 (1991) (following informant's tip police officer's observation of suspect with gun stuck in waistband was sufficient to justify *Terry*[4] stop).

Here, immediately following a radio dispatch, a police officer arrived at the stated address to find an open door through which he observed the defendant with a gun inserted in his waistband. Dealing with the factual and practical considerations of everyday life, *Chase, supra,* it was not unreasonable for Officer Jones to conclude that the informant had seen Davis outside with the weapon, in violation of section 1606(a) of the Crimes Code, and to arrest Davis on that basis. Once Davis had been placed under arrest, it was permissible for Officer Jones to search Davis and the immediate area within Davis's reach. *Commonwealth v. Tann,* 500 Pa. 593, 459 A.2d 322 (1983); *Commonwealth v. York,* 381 Pa.Super. 55, 552 A.2d 1092 (1989).

It is true, as Davis asserts, that the Commonwealth has the burden of proving probable cause by a preponderance of the evidence. *Commonwealth v. Williams,* 298 Pa.Super. 466, 444 A.2d 1278 (1982). However, the test is not whether

4. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

the officer was right in his belief that the man had been carrying the gun unlawfully in public. Rather, the test is whether the officer *had probable cause to believe* Davis had been carrying the gun in public. *Chase, supra.* We conclude that Officer Jones's own observation of Davis with a gun on his person at the precise address and within thirty seconds of the dispatch warning of a man with a gun constituted sufficient probable cause for Jones to believe Davis had been carrying the gun in public without a license. *Jones, supra; Miley, supra; Robinson, supra.* We find the Commonwealth has met its burden. *Williams, supra.*

■ Moreover, the trial court properly recognized the exigencies of the situation. As this court stated,

Although as a general rule a search and seizure conducted without a warrant is deemed unreasonable for constitutional purposes, the warrant requirement is excused where exigent circumstances exist. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). Such circumstances arise where the need for prompt police action is imperative, either because evidence sought to be preserved is likely to be destroyed or secreted from investigation, *id.* at 102, 389 A.2d at 106, or because there exists a threat of physical harm to police officers or other innocent individuals. *Commonwealth v. Hinkson,* 315 Pa.Super. 23, 27, 461 A.2d 616, 618 (1983).

*Commonwealth v. Ehrsam,* 355 Pa.Super. 40, 51, 512 A.2d 1199, 1204–1205 (1986).

Judge Greenspan noted during the trial that a man with a gun presents a grave threat to personal and public safety. Here, the police had been summoned by a report of a man with a gun. The report was accurate; the butt of Davis's gun was in full view within ten feet of Officer Jones. Davis jumped from his seat and tried to conceal the paper bag when he noticed Officer Jones in his open doorway. Under the totality of these circumstances, it is clear that Davis presented a threat of physical harm to Officer Jones or other innocent individuals. *Ehrsam, supra.* Thus, the trial court was correct to conclude that for his own safety and that of the public,

Officer Jones was justified in entering through the open door without a warrant to disarm and arrest Davis. *See Commonwealth v. Miller,* 327 Pa.Super. 154, 475 A.2d 145 (1984) (although defendant's conduct amounted to only a summary offense, a warrantless arrest was lawful under circumstances constituting risk of bodily injury to police and breach of the public safety); *Commonwealth v. Alford,* 321 Pa.Super. 257, 467 A.2d 1351 (1983) (warrantless arrest was lawful where the summary offense of disorderly conduct involved both a breach of the peace and a danger to personal safety).

■ We conclude Davis's warrantless arrest was lawful under the exigent circumstances which involved a threat of physical harm to the police officer or other innocent individuals. *Hinkson,* 315 Pa.Super. at 27, 461 A.2d at 618. The trial court reasonably determined that the brown paper bag was searched incident to a lawful arrest, thereby rendering its contents admissible at trial. *See Commonwealth v. Canning,* 402 Pa.Super. 438, 587 A.2d 330 (1991) (because defendant appeared drunk the arrest for public drunkenness and search incident thereto was proper even though defendant was not ultimately charged with original offense); *see also Commonwealth v. Williams,* 390 Pa.Super. 493, 568 A.2d 1281 (1990) (search incident to lawful arrest for disorderly conduct which resulted in seizure of eleven packets of cocaine was proper; analyzes warrantless post-arrest searches extensively).

Considering, as we must, only the evidence presented by the Commonwealth and the uncontradicted evidence presented by Davis in the context of the record as a whole, we find that the trial court's factual findings, and the legal conclusions drawn therefrom, are supported by the record. *Frank, supra; Lawrence, supra.* We, therefore, affirm the judgment of sentence.

Judgment of sentence affirmed.