673 A.2d 374

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Don ROMERO.**

Superior Court of Pennsylvania.

Argued Nov. 28, 1995.

Filed March 21, 1996.

196

John P. Malloy, Assistant District Attorney, Philadelphia, for the Commonwealth, appellant.

Jeffrey P. Minehart, Philadelphia, for appellee.

Before HUDOCK, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge:

This is an interlocutory appeal as of right taken by the Commonwealth from the trial court's order granting suppression of physical evidence. *See* Pa.R.A.P., Rule 311(d), 42 Pa.C.S.A. We reverse and remand for further proceedings.

The events underlying this appeal began on September 25, 1993 at approximately 3:30 in the morning.[1] Philadelphia Housing Police Officer Jake Bolden was patrolling on foot in a deserted area near the Richard Allen Housing Project on North Sartain Street in Philadelphia. As the officer approached the project, he noticed appellee, Don Romero, holding a silvered handgun. The officer was only eight to ten feet away from appellee when he observed appellee tuck the firearm into his pants waistband. Officer Bolden thereupon ordered appellee to place his hands against a nearby wall

1. The suppression hearing transcript incorrectly indicates that the incident occurred on September 25, 1994. *See* N.T. 10/17/94 at 4. However, the criminal information lists the arrest date as September 25, 1993. The suppression judge noted that the case would not be enumerated as Number 1742–43, October Term 1993 if the arrest had occurred in 1994. *See* Suppression Court Opinion filed April 19, 1995 at 1 n. 2.

while he conducted a pat-down search. The officer found the weapon and nine rounds of live ammunition. After placing appellee under arrest, Officer Bolden conducted a search incident to arrest which revealed a plastic bag containing forty-three (43) individual packets of cocaine on appellee's person. N.T. 10/17/94 at 4–12, 18–22 (testimony of Jake Bolden).

At the suppression hearing, appellee corroborated Officer Bolden's averments in terms of the time and place of the incident. *See id.* at 26–34. Appellee admitted that the officer saw the silver gun in his possession, and told him to "get against the wall" for a pat-down search. *Id.* at 31. Appellee also stated that he had no license to carry a firearm. *Id.* at 27. However, he denied that he had ever possessed any controlled substances. Appellee testified that Officer Bolden retrieved the packets of cocaine from underneath the seat of his police vehicle and subsequently "planted" them in appellee's trousers. *Id.* at 28, 33.

Appellee filed a suppression motion, arguing that there was no probable cause for the initial stop, and thus no basis for the seizure of the weapon, ammunition, and cocaine. The suppression court judge, the Honorable Flora Barth Wolf, agreed with this contention:

> The mere possession of a gun, while certainly of grave concern to personal and public safety, does not automatically give rise to probable cause to arrest. In our Commonwealth, and in Philadelphia, citizens may legally carry guns if licensed to do so. That right is the same in the Richard Allen housing project as in Society Hill.

Trial Court Opinion filed April 19, 1995 at 2–3. However, Judge Wolf explicitly ruled that she did not find appellee's statements concerning the planting of evidence to be credible. *See* Suppression Court Opinion at 2 n. 3. The suppression court further held that, under the circumstances of this case, it was proper for Officer Bolden to conduct a *Terry* stop and a weapons pat-down search. Thus the lower court declined to suppress the handgun and the rounds of ammunition. However, Judge Wolf found no basis for arresting appellee and

therefore suppressed the cocaine. The Commonwealth's timely notice of appeal followed. Appellant presents a single issue for our consideration: did the lower court err in suppressing forty-three packets of cocaine seized from appellee in a search incident to his arrest for unlawful possession of a firearm? [2]

It is unquestionably the province of the suppression court to make findings of fact and conclusions of law as to whether evidence was obtained in violation of an accused's constitutional rights. *Commonwealth v. Tuck*, 322 Pa.Super. 328, 332, 469 A.2d 644, 646 (1983). The standard of review which governs a ruling on a motion to suppress is well-settled. An appellate court must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. *Commonwealth v. Oglialoro*, 377 Pa.Super. 317, 318, 547 A.2d 387, 387 (1988) *aff'd*, 525 Pa. 250, 579 A.2d 1288 (1990). In reviewing an appeal taken by the Commonwealth from a suppression order,

> we must consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted. Furthermore, our scope of appellate review is limited primarily to questions of law. We are bound by the suppression court's findings of fact if those findings are supported by the record. Factual findings wholly lacking in evidence, however, may be rejected.

*Commonwealth v. Bennett*, 412 Pa.Super. 603, 606, 604 A.2d 276, 277 (1992) (citations omitted).

The bench mark of propriety for a warrantless arrest is the existence of probable cause. *Commonwealth v. Rodriguez*, 526 Pa. 268, 273, 585 A.2d 988, 990 (1991); *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983).

**2.** Specifically, the Commonwealth charged Mr. Romero with violating sections 6106 and 6108 of the Pennsylvania Uniform Firearms Act (PUFA), 18 Pa.C.S.A. §§ 6101–6120. *See id.* § 6106 (Firearms not to be carried without a license) and § 6108 (Carrying firearms on public streets or public property in Philadelphia).

Probable cause to effectuate an arrest exists when the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense. *Commonwealth v. Zook*, 532 Pa. 79, 89, 615 A.2d 1, 6 (1992), *cert. denied*, 507 U.S. 974, 113 S.Ct. 1420, 122 L.Ed.2d 789 (1993). In addressing the existence of probable cause, courts must focus on the circumstances as seen through the eyes of the trained police officer, taking into consideration that probable cause does not involve certainties, but rather "the factual and practical considerations of everyday life on which reasonable and prudent men act." *Interest of D.W.*, 427 Pa.Super. 629, 632–633, 629 A.2d 1387, 1388 (1993), *appeal denied*, 537 Pa. 650, 644 A.2d 735 (1994).

 The court must base its probable cause determination on a common-sense non-technical analysis, *Commonwealth v. Gray*, 509 Pa. 476, 482, 503 A.2d 921, 925 (1985), and must employ the viewpoint of the police officer, not that of the average citizen. *Commonwealth v. Burnside*, 425 Pa.Super. 425, 430, 625 A.2d 678, 681 (1993) (citing *Commonwealth v. Quiles*, 422 Pa.Super. 153, 167, 619 A.2d 291, 298 (1993) (*en banc* )). Probable cause for a warrantless arrest requires only the *probability*, and not a *prima facie* showing, of criminal activity. *Id.; Commonwealth v. Wilson*, 414 Pa.Super. 302, 606 A.2d 1211 (1992), *appeal denied*, 535 Pa. 658, 634 A.2d 221 (1993). Moreover, probable cause for a warrantless arrest exists when criminality is *one* reasonable inference; it need not be the only, or even the most likely, inference. *Commonwealth v. Quiles*, 422 Pa.Super. at 167, 619 A.2d at 298; *Commonwealth v. Dennis*, 417 Pa.Super. 425, 431, 612 A.2d 1014, 1017 (1992), *appeal denied*, 535 Pa. 654, 634 A.2d 218 (1993).

 The uncontradicted evidence adduced at the suppression hearing indicates that in the early morning hours of September 25, 1993, Officer Bolden saw appellee in visible possession of a firearm near the Richard Allen public housing project in North Philadelphia. This observation was a suffi-

cient basis for the trained police officer to reasonably infer that appellee was acting in violation of the statutory prohibition against carrying a firearm on public streets or on public property in Philadelphia, 18 Pa.C.S.A. § 6108. Even if these events had occurred in the Society Hill section of Philadelphia rather than in a public housing project, the result would be the same: probable cause existed for Officer Bolden to effectuate appellee's warrantless arrest for contravening the Pennsylvania Uniform Firearms Act. *See also Commonwealth v. Davis*, 418 Pa.Super. 318, 614 A.2d 291 (1992) (police officer who observed a man holding a gun in the doorway of a private residence had probable cause to suspect that the man had carried the weapon in public in order to reach the residence; therefore the officer had probable cause to believe that the man had committed an infraction of the Uniform Firearms Act).

Once appellee was arrested, the police were permitted to conduct a pat-down search of his person. *Commonwealth v. Zook*, 532 Pa. at 91, 615 A.2d at 7. It was this pat-down search pursuant to appellee's lawful arrest which yielded the forty-three packets of cocaine concealed on appellee's person. Thus, the cocaine packets are properly admissible against appellee at trial. *See, e.g., id.* (evidence seized pursuant to a lawful warrantless arrest is admissible at arrestee's subsequent trial). Because we find that appellee's arrest was based upon probable cause, and that the subsequent search incident to arrest was lawful, we conclude that it was error for the lower court to grant appellee's motion to suppress.

Order reversed.

FORD ELLIOTT, J., concurs in the result.