

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2008

# USA v. Cooper

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Cooper" (2008). *2008 Decisions.* Paper 521.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/521

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2538

UNITED STATES OF AMERICA

v.

LATWAN COOPER,
                                      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 05-cr-0027
(Honorable Mary A. McLaughlin)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2008

Before:  SCIRICA, *Chief Judge*, McKEE and SMITH, *Circuit Judges*.

(Filed: September 18, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Latwan Cooper entered a conditional guilty plea to possession of fifty or more

grams of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(A)

(count one); possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C.

§ 924(c)(1) (count two); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (count three).[1] When entering his guilty plea, Cooper preserved the right to appeal the District Court's denial of his motion to suppress. At issue is whether there was reasonable suspicion to stop and investigate Cooper, whether there was probable cause to arrest Cooper, and whether the arresting officers' testimony was improperly credited. We will affirm.

## I.

At 8:25 PM on September 8, 2004, while surveilling a high-crime area, Philadelphia Police Officer Marcus Allen observed Cooper exit a black Lexus and approach two men on a street corner.[2] Cooper spoke to the men for five to ten minutes. Officer Allen then observed Cooper lift his shirt, displaying a silver handgun to the men. Cooper then returned to his car and drove away. Officer Allen radioed three assisting officers, who pulled Cooper over two blocks away, removed him from his car, and took the weapon from his waistband. The weapon was a nine millimeter semi-automatic handgun with its serial number scratched off. It was loaded with eleven live rounds in the magazine and one live round in the chamber. When the officers asked Cooper if he had a license for the weapon, he responded that he did not. The officers also observed a large

---

[1] The District Court sentenced Cooper to 97 months' incarceration on each of counts one and three, to be served concurrently, and to 60 months' incarceration on count two, to be served consecutively. Cooper was also sentenced to four years' supervised release and a $300 special assessment.

[2] We restate the facts as found by the District Court.

quantity of crack cocaine in plain view on the floor of Cooper's car. The police seized

the crack cocaine and firearm and arrested Cooper.

In District Court, Cooper moved to suppress the weapon and drug evidence seized

by the officers. The District Court denied the motion, explaining:

> The Court concludes that when Officer Allen saw the defendant lift his shirt and reveal the gun in his waistband, and radioed that information to his backup officers, the backup officers had reasonable suspicion to conduct a *Terry* stop of the car. They had a basis at that point to get the defendant out of the car for their own safety. It was then permissible for the officer to put his hand where Officer Allen said that he saw the gun. Once Officer Wiley retrieved the gun, he asked the defendant if he had a permit for it. The defendant said no. At this point, there was probable cause to arrest the defendant. In addition, Officer Wiley saw the bag of what appeared to be crack cocaine in plain view inside the car. He, therefore, could legally seize the contraband. At that point, there was also probable cause to arrest the defendant for narcotics violations as well as for firearms violations.

Cooper appeals the District Court's denial of his suppression motion.[3]

## II.

Cooper contends the stop of his vehicle was improper because it was not based on

Officer Allen's reasonable suspicion. Under Pennsylvania law, police officers may

perform an "investigative detention" of a vehicle if they have reasonable suspicion to do

so. *E.g., Commonwealth v. Hill*, 874 A.2d 1214, 1217 (Pa. Super. Ct. 2005); *cf. Terry v.*

---

[3]We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's determination of reasonable suspicion and probable cause. *United States v. Valentine*, 232 F.3d 350, 353 (3d Cir. 2000) (citation omitted). We review the District Court's findings of fact for clear error. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

*Ohio*, 392 U.S. 1, 30 (1968) (holding a police officer may stop a suspect and search for weapons where the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot"). Because a firearm may be lawfully possessed under some circumstances, Cooper contends the facts here – Officer Allen's mere viewing of Cooper in possession of a weapon on a public street in Philadelphia – did not create reasonable suspicion.

But Pennsylvania courts have consistently held an officer's observance of an individual's possession of a firearm in a public place in Philadelphia is sufficient to create reasonable suspicion to detain that individual for further investigation. *Commonwealth v. Romero*, 673 A.2d 374, 377 (Pa. Super. Ct. 1996); *Commonweath v. Robinson*, 600 A.2d 957, 959 (Pa. Super. Ct. 1991) ("[P]ossession of a concealed firearm by an individual in public is sufficient to create a reasonable suspicion that the individual may be dangerous, such that an officer can approach the individual and briefly detain him in order to investigate whether the person is properly licensed."). Accordingly, Cooper's contention is without merit.

In *Commonwealth v. Bigelow*, 399 A.2d 392, 396 (Pa. 1979), the Pennsylvania Supreme Court held that licensure is an affirmative defense to a statutory violation for

4

possession of a firearm, 18 Pa. Cons. Stat § 6108[4] – rather than non-licensure constituting an element of the crime that must be proved by the prosecution.[5]

Officer Allen's decision to stop Cooper's vehicle was based on reasonable suspicion, and the motion to suppress evidence was properly denied.

## III.

Cooper also contends his arrest was unlawful because it was not supported by probable cause. After discovering Cooper possessed a concealed firearm, the police officers asked him whether he was licensed to carry a concealed weapon. Cooper admitted illegal activity by responding that he was not licensed. *See* 18 Pa. Cons. Stat § 6108 (requiring a license to possess a concealed weapon in public). Additionally, the officers observed what they recognized to be crack cocaine in plain view in Cooper's

---

[4]18 Pa. Cons. Stat § 6108 provides, in relevant part:
  No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
        (1) such person is licensed to carry a firearm; or
        (2) such person is exempt from licensing under section 6106 of this title.

[5]Subsequently, the Pennsylvania legislature amended a separate section of the Uniform Firearms Act to state that a gun owner's failure to produce proof of gun licensure upon lawful demand by a law enforcement officer "shall create a rebuttable presumption of nonlicensure." 18 Pa. Cons. Stat. § 6122. Cooper contends "[t]he addition and amendment of § 6122 after the adoption of § 6108 and its interpretation in Bigelow signifies the legislature's intent to change the Uniform Firearms Act." Cooper Br. at 11 (citations omitted). On this view, according to Cooper, "licensure under § 6108 is an evidentiary presumption, not an affirmative defense," id. at 11-12, and therefore the potential for non-licensure would not be sufficient to create a reasonable suspicion when a law enforcement officer observes the possession of a firearm in a public place. We see no merit to this argument.

vehicle. On these facts, the police had probable cause to arrest Cooper. *See, e.g.*, *United States v. Hensley*, 469 U.S. 221, 235-36 (1985) (Having stopped [the Defendant], the . . . police were entitled to seize evidence revealed in plain view in the course of the lawful stop, to arrest [the Defendant's] passenger when evidence discovered in plain view gave probable cause to believe the passenger had committed a crime, and subsequently to search the passenger compartment of the car because it was within the passenger's immediate control. . . . [And h]aving discovered additional weapons in [the Defendant's] car during the course of a lawful search, the . . . officers had probable cause to arrest [the Defendant] himself for possession of firearms.")

## IV.

Cooper also appeals the District Court's factual findings that credited the testimony of the arresting officers. We agree with the District Court that the four Philadelphia Police Officers were credible and had no reason to fabricate a detailed story involving Cooper's arrest. We see no error.

## V.

Accordingly, we see no error in the District Court's denial of Cooper's motion to suppress and will affirm the judgment of conviction and sentence.