J-S33022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID LEWIS, | |
| Appellee | No. 2172 EDA 2013 |

Appeal from the Order of June 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014125-2012

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND STABILE, JJ.

MEMORANDUM BY OLSON, J.: **FILED JULY 30, 2014**

Appellant, the Commonwealth of Pennsylvania, appeals from an order granting a motion to suppress physical evidence entered on June 27, 2013. We reverse.

We summarize the facts and procedural history of this case as follows. On April 16, 2013, Appellee, David Lewis, was charged with possession of a firearm,[1] possession of a firearm with an altered manufacturer number,[2] carrying a firearm without a license,[3] and carrying firearms in public in

---

[1] 18 Pa.C.S.A. § 6105.

[2] 18 Pa.C.S.A. § 6110.2.

[3] 18 Pa.C.S.A. § 6106.

Philadelphia.[4]   These charges arose from an incident that occurred on November 9, 2012.  On that day, Officer Walter Bartle ("Officer Bartle") was on surveillance in the 1900 block of Seltzer Street.  As Officer Bartle was returning to his squad car, he saw Appellee exit his vehicle, remove a handgun from his waistband and place it in the trunk of his vehicle.  Appellee than returned to his car and began to drive away.  Officer Bartle and his partner Officer Bannon began to follow Appellee.

Officer Bartle informed other police officers in the surrounding area of the situation.  Subsequently, Officer Bartle and the other officers stopped Appellee's vehicle and approached him.  During the stop, Officer Bartle asked Appellee to step out of the vehicle and then asked if he had a permit for his handgun. Appellee replied that he was "going to do seven years for this []."  Police then placed Appellee in custody.

While Appellee was in custody, Officer Bartle, without a warrant, opened the trunk of Appellee's vehicle and removed the handgun.  After Officer Bartle removed the gun, police handcuffed Appellee.  Before the trial court, Appellee moved to suppress the evidence found in the trunk because police had not obtained a warrant to search his vehicle.

On June 13, 2013, the trial court issued an opinion setting forth its determination that Appellee's motion to suppress should be granted because

---

[4] 18 Pa.C.S.A. § 6108.

no exigent circumstances supported a warrantless vehicle search. A corresponding order followed on June 27, 2013. On July 13, 2013, the Commonwealth moved for reconsideration of the suppression order. On July 25, 2013, while the motion for reconsideration was pending, the Commonwealth filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, the trial court issued a more comprehensive explanation of its ruling on October 2, 2013.

The Commonwealth raises the following issue on appeal:

> [Did the trial] court err[] in suppressing a loaded semiautomatic weapon which an officer saw [Appellee] remove from his waistband and place in the trunk of his car[?]

Commonwealth's Brief at 10 (capitalization removed).

The Commonwealth contends that the trial court erred in suppressing a firearm recovered from the trunk of Appellee's vehicle following a warrantless search.

Our standard of review in addressing a challenge to an order granting a motion to suppress is

> limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.… Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. […T]he suppression court's legal conclusions are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law

- 3 -

to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010) (citations and quotations omitted).

Furthermore, it is a well-established principle of law in this Commonwealth that "a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***Commonwealth v. Brown***, 431 A.2d 905, 906-907 (Pa. 1981). With these standards in mind, we turn to the Commonwealth's contention that the trial court erred in light of recent changes in the law.

On April 29, 2014, our Supreme Court held that "with regard to the warrantless search of a motor vehicle that is supported by probable cause, Article I, Section 8 of the Pennsylvania Constitution affords no greater protection than the Fourth Amendment to the United States Constitution." ***Commonwealth v. Gary***, 91 A.3d 102, 124 (Pa. 2014). Thus, our Supreme Court "[a]ccordingly adopted the federal automobile exception to the warrant requirement, which allows police officers to search a motor vehicle when there is probable cause to do so and does not require any exigency beyond the inherent mobility of a motor vehicle." ***Id***. at 104.

Applying this new principle of search and seizure law to the facts of the case at bar, we must reverse the trial court's ruling and deny Appellee's motion to suppress physical evidence. Officer Bartle had the necessary probable cause to search Appellee's vehicle. Officer Bartle watched Appellee

remove a handgun from his waistband and place it in the trunk of his vehicle. This observation was sufficient to establish probable cause. This Court has held that "observation [of an individual in visible possession of a firearm] was a sufficient basis for [a] trained police officer to reasonably infer that [the individual] was acting in violation of the statutory prohibition against carrying a firearm on public streets or on public property in Philadelphia []." *Commonwealth v. Romero*, 673 A.2d 374, 377 (Pa. Super. 1996).

Under the new standard set forth by our Supreme Court in *Gary*, probable cause alone is sufficient to establish grounds for warrantless search of a vehicle. Here, the police possessed the requisite probable cause for a warrantless search of Appellee's vehicle; hence, we must reverse the trial court's order suppressing physical evidence in this case.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2014