J-S48022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TADESSE N. SHIFERAW | |
| Appellant | No. 1916 MDA 2016 |

Appeal from the Judgment of Sentence entered November 16, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-003201-2015

BEFORE: OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 20, 2017**

Appellant, Tadesse N. Shiferaw, appeals from the judgment of sentence imposed on November 16, 2016, in the Court of Common Pleas of Dauphin County following his conviction of possession with intent to deliver a controlled substance ("PWID"). 35 P.S. § 780-113(a)(30). Appellant contends the trial court erred by denying his motion to suppress. Following review, we affirm.

After he was arrested on April 21, 2015, Appellant filed an omnibus pre-trial motion to suppress. A hearing on the motion began on November 13, 2015. Because of scheduling issues, the proceedings were continued to

_____

[*] Retired Senior Judge assigned to the Superior Court.

December 2, 2015. The trial court summarized the testimony from the suppression hearings as follows:

The Commonwealth presented the testimony of Pennsylvania State Trooper David Long ("Trooper Long"). Trooper Long testified that on [April] 21, 2015 around 2:00 p.m. in the afternoon he was monitoring Interstate 81 in an unmarked SUV. Trooper Long noticed a red minivan that drove by that was a rental vehicle that had one occupant in it. He began to follow the minivan and observed the minivan travel off the right-lane of the highway (the right fog line) on a couple of different occasions. As the minivan was coming up on an exit (near Linglestown, PA), there was a[n] SUV in front of it with its turn signal on. As the SUV was exiting the highway, the minivan approached the SUV without applying brakes and proceeded to a distance that was too close for conditions. At this point, due to the traveling off the roadway and following too closely, Trooper Long initiated a traffic stop. As the trooper approached the passenger side window, he noticed a black-type, garbage looking bag in the back. [Appellant] appeared very tired, was yawning, and had several energy drinks and coffee in the front console.

Trooper Long had a conversation with [Appellant] and [Appellant] told him that he had rented the minivan through his company. Additionally, [Appellant] indicated that he was an airport shuttle service[6] and was transporting someone from Columbus, Ohio to Brooklyn, New York. [Appellant] stated that he was paid $1500 for his services. Trooper Long testified that [Appellant] seemed to be off route and that a flight would have been cheaper than the $1500 in order to get from Ohio to New York. [Appellant] also stated that while in Brooklyn, N.Y., he was directed to wait outside of a hotel while the occupant he had transported went into the hotel and returned with a package that was put in the back of the van. [Appellant] was directed to transport the package back to Ohio and contact his cousin.[7]

The rental agreement was provided but instead of being a business rental, the rental had been in [Appellant's] actual name. The trooper prepared a written warning for traveling too closely to the rear of another vehicle. Finally, the trooper asked if there was anything illegal in the vehicle [to] which [Appellant] responded "no." Trooper Long asked for permission and was provided both written and verbal consent to search the vehicle. A K-9 unit arrived, searched the vehicle, and twenty-two (22)

- 2 -

pounds of marijuana was discovered. The Commonwealth introduced the rental agreement and consent to search as part of the evidence.

> 6. The vehicle, however, was not marked as an airport shuttle service vehicle.

> 7. No names were given of the occupant or the cousin.

Trial Court Rule 1925(a) Opinion, 1/25/17, at 2-4 (references to Notes of Testimony omitted).

By order entered on February 4, 2016, the trial court denied Appellant's suppression motion. Following a June 21, 2016 jury trial, Appellant was convicted of PWID. On November 16, 2016, Appellant was sentenced to 24 months of intermediate punishment, consisting of three months of work release followed by electronic monitoring and house arrest for the balance of his term of sentence.

Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] In this appeal, Appellant asks us to consider two related issues:

_____

[1] In his Rule 1925(b) statement of errors complained of on appeal, Appellant asserted three errors related to the denial of his suppression motion and two errors related to his trial. We note that President Judge Richard A. Lewis presided over the suppression proceedings while Senior Judge Kevin A. Hess presided over the trial. In their Rule 1925(a) opinions, the judges addressed the issues corresponding to the proceedings over which they presided. Appellant has abandoned his trial issues in this appeal. Therefore, we shall confine our discussion to the suppression proceedings and Judge Lewis's disposition of the suppression issues.

> I. Whether the [t]rial [c]ourt erred by denying the Appellant's motion to suppress evidence based on an improper stop and seizure.
>
> II. Whether the [t]rial [c]ourt erred by denying the Appellant's motion to suppress evidence of every kind which were (*sic*) unlawfully obtained in violation of the Appellant's **Miranda** and Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9[2] of the Pennsylvania Constitution and in violation of Appellant's rights against self-incrimination as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.

Appellant's Brief at 6.

Both of Appellant's issues challenge the denial of his motion to suppress. As our Supreme Court has explained:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression

_____

[2] We suspect, as did the trial court, that Appellant's reference to Article I, Section 9 (Rights of Accused in Criminal Prosecution) in conjunction with the Sixth Amendment was made in error and should be a reference to Article I, Section 8 (Security from Searches and Seizures). Trial Court Rule 1925(a) Opinion, 1/25/17, at 4, n. 8.

court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010) (internal quotations and citations omitted).

Commonwealth witness Trooper Long was the sole witness who testified at the suppression hearing. The trial court admitted Commonwealth exhibits consisting of the rental agreement for the minivan and the consent to search signed by Appellant. The court also admitted Appellant's exhibits, including the audio and video recording captured on the camera installed in the trooper's SUV, the written warning for following too closely, and photographs printed from the video.

In his first issue, Appellant argues that the traffic stop was unlawful because the Commonwealth did not meet its burden of proof of probable cause for the stop. Appellant contends that the trial court's finding of a lawful stop was against the weight of the evidence presented at the suppression hearing. Appellant's Brief at 19.

Again, the trooper testified that he observed Appellant cross the fog line on a couple of occasions and was following a vehicle too closely. Appellant asserts that probable cause warranting a stop for violating the roadways laned for traffic statute was lacking because there was no evidence that any persons were placed in danger by Appellant's movements. ***Id.*** at 16-17. He also argues that the trooper lacked probable cause for

stopping Appellant based on traveling too closely, an argument grounded in part on Appellant's interpretation of a question posed by the court. *Id.* at 17-19. We disagree. As the Commonwealth correctly asserts, "[p]robable cause to effectuate an arrest exists when facts and circumstances within [the] knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that [the] arrestee has committed an offense." Commonwealth Brief at 9 (quoting ***Commonwealth v. Romero***, 673 A.2d 374, 376 (Pa. Super. 1996)). Further, "[i]n addressing the existence of probable cause, courts must focus on the circumstances as seen through the eyes of [the] trained police officer, taking into consideration that probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act." ***Id.*** (internal quotations and citations omitted).

The trial court determined the stop was lawful, noting that "[t]he Fourth Amendment does not prevent police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if it is a minor offense." Trial Court Rule 1925(a) Opinion, 1/25/17, at 5 (quoting ***Commonwealth v. Chase***, 960 A.2d 108, 113 (Pa. 2008) (additional citation omitted)). The court explained, "[h]ere, the trooper credibly testified that he observed [Appellant] commit two traffic violations. One for leaving the lane of traffic (the right fog line) and one for driving too closely

to the vehicle in front of him. Accordingly, the stop was valid and did not violate any constitutional rights." ***Id.***

We find that the court's factual findings, as summarized in the quoted excerpt from the Rule 1925(a) opinion, are supported by the record. Therefore, we are bound by those findings and may reverse only if the trial court's legal conclusions are erroneous. ***Jones***, 988 A.2d at 654. We find no error in the trial court's legal conclusion that Appellant was lawfully stopped. Appellant's first issue fails.

Appellant's second issue ostensibly challenges the trial court's denial of his motion to suppress on constitutional grounds, based on the delay between the traffic stop and the time a K-9 unit arrived to conduct the search.[3-4] However, we have already determined that the stop was valid and Appellant ignores the fact he consented to the search he now challenges.

As the trial court recognized:

> The Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect

---

[3] Appellant's second issue, as framed, suggests challenges involving ***Miranda v. Arizona***, 384 U.S. 436 (1966), as well as the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 8 and 9, of the Pennsylvania Constitution. However, his argument does not include any reference to ***Miranda*** or to any United States or Pennsylvania constitutional provisions.

[4] Appellant admits he consented to the search. Appellant's Brief at 10.

individuals from unreasonable searches and seizures. ***Commonwealth v. By***, 812 A.2d 1250, 1254 (Pa. Super. 2002). As a general rule, all searches and seizures performed without a warrant are *per se* unreasonable and unconstitutional, unless an exception applies. ***Commonwealth v. Hudson***, 92 A.3d 1235, 1241 (Pa. Super. 2014). One exception is a search conducted after consent is voluntarily given. ***By***, 812 A.2d at 1254. Consent cases require a two-prong inquiry: first, to examine "the constitutional validity of the citizen/police encounter giving rise to the consent" and second, the voluntariness of the consent. ***Id.*** When a police encounter is lawful, the exclusive focus is the voluntariness. ***Id.***

Trial Court Rule 1925(a) Opinion, 1/25/17, at 8.

The trial court then considered factors identified by our Supreme Court in ***Commonwealth v. Strickler***, 757 A.2d 884 (Pa. 2000), to determine the voluntariness of Appellant's consent.[5] The court noted that Appellant was pulled over by a single police officer in an open location during the middle of

---

[5] Those factors include:

(1) the presence or absence of police excesses; (2) whether physical contact occurred; (3) whether police directed the individual's movements; (4) police demeanor and manner of expression; (5) the location and time of the interdiction; (6) the content of the questions and statements; (7) the existence and character of the initial investigative detention, including its degree of coerciveness; (8) whether and to what degree the transition between the traffic stop/investigative detention and the subsequent encounter can be viewed as seamless, thus suggesting to the individual that his movements may remain subject to police restrain[t]; and (9) whether the police expressly told the individual that he was free to leave—this latter factor being an objective and potent one.

Trial Court Rule 1925(a) Opinion, 1/25/17, at 6, n.9 (citing ***Strickler***, 757 A.2d at 898-901).

- 8 -

the day. Trial Court Rule 1925(a) Opinion, 1/25/17, at 8. The detention was not exceedingly long; the questioning was neither repetitive nor deceptive; the officer did not touch or threaten Appellant or restrict his movements; and the officer did not display his weapon. *Id.* The was no suggestion that the officer used any coercive language or tone. *Id.*

When the officer asked Appellant for consent to search the vehicle, Appellant freely gave consent. *Id.* at 9. Appellant does not contend that he asked to leave or withdrew his consent. "Most importantly, [Appellant] read and signed a 'Pennsylvania State Police Waiver of Rights and Consent to Search.'" *Id.* "As such, [Appellant's] consent was voluntary and this [c]ourt properly denied Appellant's motion to suppress." *Id.*

We conclude that the trial court properly applied the law to the facts of this case. Finding no error in the trial court's legal conclusion, Appellant's second issue does not provide any basis for relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017