**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kurt DANGLE.**

Superior Court of Pennsylvania.

Submitted June 19, 1997.

Filed Sept. 17, 1997.

Diane L. Turner, Asst. Dist. Attorney, Williamsport, for Commonwealth, appellant.

Marc F. Lovecchio, Williamsport, for appellee.

Before TAMILIA and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

This is a Commonwealth appeal from an order of the lower court suppressing evidence. We reverse.

On June 11, 1995, appellee was charged with driving under the influence of alcohol.[1] On December 12, 1995, appellee filed an omnibus pre-trial motion, including a motion to suppress. A suppression hearing was held on February 21, 1996. On March 12, 1996, the lower court issued an order granting appellee's suppression motion. The Commonwealth then filed this timely appeal indicating that the lower court's order substantially handicapped the prosecution. The Commonwealth raises the following issue on appeal: whether the lower court erred in granting appellee's motion to suppress when the police initiated a valid investigatory detention, and detained appellee for fifteen minutes while conducting an investigation of another individual who was detained at the same time?

■ Our standard of review of an order suppressing evidence is as follows:

we must consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted. Furthermore, our scope of appellate review is limited primarily to questions of law. We are bound by the suppression court's findings of fact if those findings are supported by the record.

---

1. 75 Pa.C.S.A. § 3731(a)(1), (a)(4), and (a)(5)(Purdon 1996). Section 3731(a) was amended three times in 1996, with the last amendment on December 10, 1996, effective in thirty days. 75 Pa.C.S.A. § 3731(a) and (a.1)(Purdon Supp.1997).

Factual findings wholly lacking in evidence, however, may be rejected.

*Commonwealth v. Johnson*, 444 Pa.Super. 289, 292–93, 663 A.2d 787, 789 (1995).

At the suppression hearing, Trooper Patrick Tunzo testified that on June 11, 1995, he got a call from the police communications desk that a white male with red hair was driving a gray Isuzu Trooper, erratically and while intoxicated, in the parking lot of the Red Lobster at Loyal Plaza. The trooper went to Loyal Plaza and observed a gray Isuzu Trooper in a parking spot getting ready to back out. Officer Tunzo observed a male with red hair on the right side of the vehicle. As the vehicle backed up, Officer Tunzo stopped it. A white female, with last name of Cooley was inside the vehicle. The man with red hair (appellee) was on the sidewalk, approximately twenty to thirty feet away.

Trooper Tunzo indicated that another state trooper, Trooper Stine was also at the scene at that point. Trooper Stine went to talk to appellee. Trooper Tunzo determined that Ms. Cooley was intoxicated and he told her to get out of the vehicle. Officer Tunzo asked appellee if he had been driving the vehicle, and appellee responded "Just up to K–Mart and back." N.T. 2/21/96, at 10. Prior to that, Officer Tunzo went to the complainant, Ms. Paternastro to find out if appellee was the driver initially. After appellee indicated he had driven the vehicle, Trooper Tunzo attempted to perform field sobriety tests on him. Appellee failed the tests. At that point, based on appellee's speech, appearance, the smell of alcohol on him, and his inability to perform the field sobriety tests, Trooper Tunzo placed him under arrest. Trooper Tunzo indicated that appellee "reeked of alcohol … spoke with a slurred speech, his eyes were glassy and his dress was unkept." *Id.* at 13.

On cross-examination, Trooper Tunzo admitted that he could not recall if the word "erratically" was used to refer to appellee's driving in the report from the police communications center. Trooper Tunzo also indicated that approximately fifteen minutes elapsed between when he arrived on the scene and when he went into the Red Lobster and spoke with the complainant. He stated that Ms. Paternastro came out with him and identified appellee as the person she saw driving the Isuzu trooper.

On redirect examination, Trooper Tunzo testified that after approximately one to one and a half minutes after arriving on the scene, he determined that appellee and Ms. Cooley were together. He stated that Ms. Cooley had a very strong odor of alcohol on her breath, glassy eyes, and slurred speech. Trooper Tunzo decided to administer field sobriety tests to her which took approximately five minutes.

A police officer may stop and briefly detain an individual in order to conduct a limited investigation under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "if the officer has a reasonable suspicion, based on specific and articulable facts that criminal activity is afoot." *Commonwealth v. Ragan*, 438 Pa.Super. 505, 513, 652 A.2d 925, 929 (1995), *appeal denied*, 541 Pa. 650, 664 A.2d 540 (1995). Here, the lower court found that the initial detention of appellee was valid, and appellee does not dispute that finding. The question which appellant, the Commonwealth, raises on appeal is whether the trial court erred in finding the fifteen minute duration of the stop impermissible.

 "[The] key factor to be examined in determining if a detention lasts too long to be justified as an investigative stop, is whether 'the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.'" *Commonwealth v. Ellis*, 541 Pa. 285, 296, 662 A.2d 1043, 1048 (1995), *quoting United States v. Sharpe*, 470 U.S. 675, 686–87, 105 S.Ct. 1568, 1575–76, 84 L.Ed.2d 605, 616 (1985). "[W]hile 'the brevity of the invasion of an individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable on reasonable suspicion,'" there are "'no rigid time limits on Terry stops.'" *Id.* Here, the evidence does not support the lower court's conclusion that the police did not pursue their investigation diligently.

■ When Officer Tunzo arrived at the Red Lobster parking lot, he observed appellee on the sidewalk to the right side of the Isuzu trooper. Trooper Tunzo stopped the vehicle, and determined that Ms. Cooley, who was driving it at that time appeared intoxicated. Within a minute or two of his arrival on the scene, Trooper Tunzo determined that appellee and Ms. Cooley were together. Officer Tunzo decided to administer field sobriety tests to Ms. Cooley which she failed, and which took approximately five minutes to administer. After taking her into custody, Officer Tunzo went into the Red Lobster to determine if appellee was the person whom the complainant had seen driving the vehicle. The complainant returned with him and identified appellee as the person she had seen driving. The officer also asked appellee if he had driven the vehicle and received a positive response. From appellee's appearance and speech, Trooper Tunzo determined that he was intoxicated. Officer Tunzo then administered field sobriety tests to appellee, which he failed. Appellee was then taken into custody.

There is nothing in the testimony of the suppression hearing which suggests that the police did not "diligently pursue a means of investigation that was likely to confirm or dispel their suspicions quickly...." *Commonwealth v. Ellis, supra.* The officer, as he arrived on the scene, first dealt with the driver of the vehicle at that time, *i.e.,* Ms. Cooley. Once she was taken into custody, the officer immediately did what was necessary to dispel or confirm his suspicions concerning appellee. There is no investigating and arresting appellee or Ms. Cooley.

Since the findings of fact and conclusions of law of the lower court are not supported by the evidence of the suppression hearing, we will reverse the lower court's order suppressing evidence.

Order reversed. Case remanded for trial.