J-A28003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS G. LEON | |
| Appellant | No. 2391 EDA 2013 |

Appeal from the Judgment of Sentence August 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006059-2013

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 30, 2014**

Appellant, Jesus G. Leon, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possession of a small amount of marijuana.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On December 4, 2012, at approximately 5:23 p.m., Philadelphia Police Officer George Soto and his partner, Officer Ryan, received a radio report regarding an armed Hispanic male near the intersection of Fairhill Street and Allegheny Avenue.  The report described the suspect as wearing a black

_____

[1] 18 Pa.C.S.A. §§ 6106, 6108, 35 P.S. 780-113(a)(31), respectively.

jacket, orange shirt, blue jeans, and orange and blue sneakers. Fairhill Street and Allegheny Avenue is a high crime area, where Officer Soto had made previous arrests for firearms offenses.

When the officers arrived at the scene, they observed Appellant wearing a black leather jacket, orange shirt, blue jeans, and orange and blue sneakers. Appellant's hands were in his pockets. The officers exited their vehicle with their weapons drawn and made eye contact with Appellant, who kept his hands in his pockets. The officers ordered Appellant to show his hands.[2] Appellant took a few steps backwards, and the officers again ordered him to show his hands. At that point, Appellant turned and fled. During his flight, Appellant discarded his jacket and a silver object. The officers recovered the jacket and the silver object, which was a firearm. Inside the jacket, the officers found a wallet containing Appellant's debit card, driver's license, and Access card.

Police apprehended Appellant in February 2013. A search of Appellant's person incident to arrest yielded a small amount of marijuana. On May 17, 2013, the Commonwealth filed a criminal information charging Appellant with carrying a firearm without a license, carrying a firearm on

---

[2] At the suppression hearing, Officer Soto testified, "I had to make sure…[Appellant] was going to show us his hands, because Officer John Pawlowski was murdered on Broad and Olney by a male armed with a revolver." (N.T. Suppression Hearing at 13). Officer Soto was referring to a 2010 homicide in Philadelphia, where the shooter killed a police officer with a firearm concealed in the shooter's pocket. (*Id.* at 14).

public streets in Philadelphia, and possession of a small amount of marijuana. At a July 19, 2013 hearing, the parties litigated a motion to suppress all evidence obtained by the Commonwealth. Appellant argued the officers did not possess reasonable suspicion to support an investigative detention. At the conclusion of the hearing, the court denied the suppression motion. Appellant filed a motion to reconsider the suppression ruling on July 23, 2013, which the court denied on August 1, 2013. Following a bench trial, the court found Appellant guilty of all charges. On August 8, 2013, the court sentenced Appellant to an aggregate term of six (6) to twenty-three (23) months' imprisonment, followed by three (3) years' probation. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on August 13, 2013. On September 23, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on October 23, 2013.

Appellant raises one issue for our review:

> DID NOT THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE, WHERE THE INVESTIGATING OFFICERS, ACTING ON AN ANONYMOUS POLICE RADIO CALL, LACKED REASONABLE SUSPICION OR PROBABLE CAUSE JUSTIFYING THE DETENTION, ARREST, FRISK OR SEARCH OF APPELLANT, WHERE APPELLANT'S FLIGHT AND THE RECOVERY OF A FIREARM AND MARIJUANA WERE THE FRUIT OF AN INITIAL UNLAWFUL STOP, AND WHERE THEIR RECOVERY AND USE AT TRIAL THEREFORE VIOLATED THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES

CONSTITUTION AND ARTICLE I, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION?

(Appellant's Brief at 3).

We examine this issue subject to the following principles:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> > [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Williams*, 941 A.2d 14, 26-27 (Pa.Super. 2008) (*en banc*) (internal citations and quotation marks omitted).

On appeal, Appellant contends an anonymous tip alone cannot support an investigative detention without additional evidence to corroborate the allegations of criminal conduct. Appellant asserts the officers initiated an investigative detention based solely on the fact that Appellant's appearance and location matched the information from the radio report. Appellant insists the officers did not have additional evidence to corroborate the allegations of criminal activity. Further, Appellant avers his flight from the scene did not amount to *indicia* of criminal activity to support reasonable suspicion, because the flight occurred after the police had initiated the

investigative detention. Under these circumstances, Appellant argues the contraband recovered by the officers was the product of an illegal detention. Appellant concludes the officers lacked reasonable suspicion to support the investigative detention, and the court should have granted his suppression motion on this basis. We disagree.

Contacts between the police and citizenry fall within three general classifications:

> The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Bryant*, 866 A.2d 1143, 1146 (Pa.Super. 2005), *appeal denied*, 583 Pa. 668, 876 A.2d 392 (2005) (quoting *Commonwealth v. Phinn*, 761 A.2d 176, 181 (Pa.Super. 2000)).

Police must have reasonable suspicion that a person to be seized is engaged in unlawful activity before subjecting that person to an investigative detention. *Commonwealth v. Cottman*, 764 A.2d 595 (Pa.Super. 2000).

> An investigative detention, unlike a mere encounter, constitutes a seizure of a person and thus activates the protections of Article 1, Section 8 of the Pennsylvania Constitution. To institute an investigative detention, an officer must have at least a reasonable suspicion that criminal activity is afoot. Reasonable suspicion requires a finding that based on the available facts, a person of

- 5 -

reasonable caution would believe the intrusion was appropriate.

*   *   *

Reasonable suspicion exists only where the officer is able to articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate.

**Commonwealth v. Jones**, 874 A.2d 108, 116 (Pa.Super. 2005) (internal citations omitted).

"[T]he question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether there was a particularized and objective basis for suspecting the individual stopped of criminal activity." **Cottman, supra** at 598-99 (quoting **Commonwealth v. Beasley**, 761 A.2d 621, 625 (Pa.Super. 2000), *appeal denied*, 565 Pa. 662, 775 A.2d 801 (2001)).

Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

**Commonwealth v. Young**, 904 A.2d 947, 957 (Pa.Super. 2006), *appeal denied*, 591 Pa. 664, 916 A.2d 633 (2006) (quoting **Commonwealth v.**

*Conrad*, 892 A.2d 826, 829 (Pa.Super. 2006), *appeal denied*, 588 Pa. 747, 902 A.2d 1239 (2006)) (internal quotation marks omitted).

"While a tip can be a factor [in determining whether reasonable suspicion existed], an anonymous tip alone is insufficient as a basis for reasonable suspicion." *Commonwealth v. Leonard*, 951 A.2d 393, 397 (Pa.Super. 2008) (quoting *In re M.D.*, 781 A.2d 192, 197 (Pa.Super. 2001)). "Because an anonymous tip typically carries a low degree of reliability, more information is usually required before investigating officers develop the reasonable suspicion needed to support an investigatory stop of a suspect." *Commonwealth v. Fell*, 901 A.2d 542, 545 (Pa.Super. 2006). "However, if the person described by the tipster engages in other suspicious behavior…reasonable suspicion justifying an investigatory detention is present." *Commonwealth v. Foglia*, 979 A.2d 357, 360 (Pa.Super. 2009) (*en banc*), *appeal denied*, 605 Pa. 694, 990 A.2d 727 (2010).

> [W]hether the defendant was located in a high crime area similarly supports the existence of reasonable suspicion. Finally, if a suspect engages in hand movements that police know, based on their experience, are associated with the secreting of a weapon, those movements will buttress the legitimacy of a protective weapons search of the location where the hand movements occurred.

*Id.* at 361(internal citations omitted). Thus, a combination of factors can coalesce to form the basis for reasonable suspicion, where one factor alone might fail. *Commonwealth v. Gray*, 784 A.2d 137 (Pa.Super. 2001).

Instantly, the anonymous tip *via* radio report of an armed male

contained a high degree of specificity. The report described a Hispanic male wearing a black jacket, orange shirt, blue jeans, and orange and blue sneakers. The report also provided the exact location of the suspect at Fairhill Street and Allegheny Avenue, which the officer knew was a high crime area. When police arrived at the scene, they observed Appellant, who matched the exact description of the suspect. Officer Soto, a four-year veteran officer who had made firearms arrests in that area, observed Appellant concealing his hands in his pockets. In light of his experience, Officer Soto reasonably inferred Appellant could be secreting a firearm in his pockets. Thus, the officer commenced an investigative detention and ordered Appellant to show his hands.

Here, the specificity of the information in the tip, which the officers corroborated, combined with Appellant's presence in a high crime area and Appellant's concealment of his hands, provided the reasonable suspicion necessary to initiate the investigative detention. *See Foglia, supra*; *Gray, supra*. Therefore, the record supports the court's decision to deny Appellant's suppression motion. *See Williams, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Jenkins joins this memorandum.

Judge Wecht files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/30/2014</u>