J-A02016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
    v.     :
    :
    :
    :
SHARRAN DEV CHAKRAVORTY   :
    :
    Appellant     :   No. 39 WDA 2019

Appeal from the Judgment of Sentence Entered December 6, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009259-2018

BEFORE:  SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:         **FILED FEBRUARY 14, 2020**

Appellant, Sharran Dev Chakravorty, appeals from the judgment of sentence entered on December 6, 2018 in the Criminal Division of the Court of Common Pleas of Allegheny County.  We affirm.

The trial court summarized the facts and procedural history in this matter as follows.

> On December 10, 2017[,] around 2:00 [a.m.,] Mt. Lebanon police were dispatched to a [crashed vehicle] at St. Bernard's Church [along Washington Road in Allegheny County, Pennsylvania.]. The vehicle, a white Jaguar, was located, crashed in the parking lot [of the church], while the driver was not present in the immediate area.  Police began a search of the area and located [Appellant] walking on the sidewalk approximately 100 yards away from the church parking lot.  [A] police officer, while driving up to [Appellant], noticed that [Appellant staggered] while he walked.  The officer pulled alongside [Appellant] and, through the passenger side window, asked [Appellant] if he had been driving. [Appellant] responded that he had not been driving.  The police officer then asked what [Appellant] was doing at that time, to which [Appellant] responded that he was waiting for an Uber.  The

police officer then activated his rear warning lights, exited his vehicle, and approached [Appellant] on the sidewalk. During the interaction, the police officer smelled the odor of alcohol beverage on [Appellant's] breath. The police officer asked if [Appellant] had wrecked his Jaguar, which [Appellant] denied. The police officer followed-up by asking if [Appellant] wrecked his father's Jaguar, [to which Appellant admitted]. The police officer noticed that there was blood dripping from [Appellant's] right hand. A second police officer arrived on the scene, allowing the first police officer to return to St. Bernard's parking lot to inspect the Jaguar. During the inspection, it was noticed that the right steering wheel control lever was damaged, and had a sharp edge on it. [Appellant] was arrested following a field sobriety test.

****

At [docket number 9259-2018, Appellant] was charged with driving under the influence of alcohol or controlled substance [75 Pa.C.S.A. § 3802(a)(1)], careless driving [75 Pa.C.S.A. § 3714(a)], and accident involving unattended vehicle or property [75 Pa.C.S.A. § 3745(a)]. On December 6, 2018, a hearing was held on [Appellant's] motion to suppress[. Following the denial of Appellant's motion, a non-jury trial ensued and Appellant] was found guilty of all charges. [Appellant] waived his presentence report and was sentenced to [] thirty (30) days in the county intermediate punishment program, six (6) months of probation, and a fine of $750[.00 for] driving under the influence[.]

Post-sentence motions were not filed in this matter. A timely notice of appeal was filed on January 4, 2019. [Appellant] was ordered to file a [concise statement of errors] complained of on appeal [and the trial court issued its opinion on June 6, 2019.]

Trial Court Opinion, 6/6/19, at 1-3 (not paginated; superfluous capitalization omitted).

Appellant raises the following claim on appeal.

Did the trial court err in denying Appellant's [m]otion to [s]uppress when the uniformed officer exited his marked police vehicle, which had either overhead or rear flashing lights activated, to question Appellant because a seizure occurred and

the officer did not have a reasonable suspicion to support the seizure?

Appellant's Brief at 4.

Appellant challenges a trial court order that denied his motion to suppress. We review such claims using the following standard and scope of review.

> Our standard of review ... is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.
>
> ***Commonwealth v. Galendez***, 27 A.3d 1042, 1045 (Pa. Super. 2011) (en banc) (citation omitted), *appeal denied*, 40 A.3d 120 (Pa. 2012). Additionally, "[a]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pretrial motion to suppress." ***Commonwealth v. Bush***, 166 A.3d 1278, 1281–1282 (Pa. Super. 2017) (citation omitted), *appeal denied*, 176 A.3d 855. "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." ***Id***. at 1282 (citation omitted).

***Commonwealth v. Koonce***, 190 A.3d 1204, 1211-1212 (Pa. Super. 2018).

Appellant claims that his encounter with the police ripened from a mere encounter into an investigative detention when the officer activated his rear warning lights, exited his vehicle in a no parking zone, and approached Appellant to make further inquiries. Under these circumstances, Appellant maintains that no reasonable person would feel free to leave. ***See*** Appellant's

Brief at 12. Appellant further contends that the officer lacked reasonable suspicion to support the detention because, at the moment when the officer encountered Appellant staggering along the sidewalk, Appellant was equidistant from the crash scene and several bars and restaurants on Washington Road and the officer did not know when the accident occurred or whether Appellant was operating the vehicle involved in the crash. *Id.* at 11-12. The Commonwealth argues that the interaction was a mere encounter that required no particular level of suspicion or, alternatively, that reasonable suspicion supported Appellant's detention.

Contrary to the Commonwealth's first contention, we assume, solely for purposes of this appeal, that the interaction constituted an investigative detention since the officer activated the rear emergency lights on his cruiser. *See Commonwealth v. Livingstone*, 174 A.3d 609, 621 (Pa. 2017) (activation of police vehicle's overhead lights and sirens to initiate a traffic stop constitutes an investigative detention since reasonable people would not assume they are free to leave when confronted with such signals).[1] After

---

[1] Although neither party cited or discussed *Livingstone* in this appeal, we acknowledge there may be grounds for distinguishing *Livingstone*'s application in this case. In *Livingstone*, our Supreme Court reasoned that the activation of police overhead lights and sirens was universally understood by motorists as a command to pull over or, if already stopped, to remain in place. *See Livingstone*, 174 A.3d at 621. As such, the initiation of a traffic stop through the activation of police lights constitutes an investigative detention. *Id.* at 619. Obviously, the present case does not involve a traffic stop or the activation of police sirens. Nevertheless, in the absence of

careful review, we agree with the trial court that reasonable suspicion supported Appellant's detention.

> Having [concluded that Appellant was subject to an investigative detention], we must now determine whether [the police] had reasonable suspicion to detain [Appellant]. An officer may stop and briefly detain a person for investigatory purposes when that officer has "reasonable suspicion, based on specific and articulable facts, that criminal activity may be afoot." **Commonwealth v. Allen**, 725 A.2d 737, 740 (Pa. 1999). "[T]he fundamental inquiry is an objective one, namely, whether the facts available to the officer at the moment of the intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate." **Commonwealth v. Gray**, 784 A.2d 137, 142 (Pa. Super. 2001). We must consider the totality of the circumstances, including such factors as "tips, the reliability of the informants, time, location, and suspicious activity, including flight." **Id.**, *citing* **Commonwealth v. Freeman**, 757 A.2d 903, 908 (Pa. 2000).

**Commonwealth v. Smith**, 172 A.3d 26, 33 (Pa. 2017).

The record emerging from Appellant's suppression hearing shows that at approximately 2:00 a.m. on December 10, 2017, the Mt. Lebanon Police Department received a report of a vehicle crash in the parking lot of St. Bernard's Church on Washington Road. Thereafter, an officer responded to the scene and confirmed that a white Jaguar had been involved in the accident and that the vehicle was unattended. Having confirmed significant details of the incoming report, the officer possessed reason to believe that the crash occurred recently and that the driver remained on foot in the local vicinity.

---

advocacy concerning the application of **Livingstone**, we shall treat the instant case as involving an investigative detention that required reasonable suspicion.

Armed with this information, the officer drove north past the church parking lot and, within 100 yards, observed Appellant staggering along the sidewalk adjacent to Washington Road. In response to the prosecutor's question concerning why he initially stopped and approached Appellant, the officer testified: "He was within a very close distance to a crash where nobody was still in the car, and there's very little foot traffic [in the area at 2:00 a.m.] in the morning, and he was staggering when I saw him." N.T. Suppression Hearing, 12/6/18, at 22-23. Based upon the totality of the circumstances, including the verified information in the initial report, the late hour, the sparsity of foot traffic in the area, Appellant's close proximity to the accident, and Appellant's drunken gait, we are satisfied that the officer possessed reasonable suspicion to initiate a detention when he parked his police cruiser and approached Appellant to make further inquiries. Hence, Appellant's challenge to the trial court's suppression ruling merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2020