J-S13027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| YORDY MERCEDES | : | |
| | : | |
| Appellant | : | No. 1275 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001649-2020

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 23, 2022**

Appellant, Yordy Mercedes, appeals from the judgment of sentence imposed by the York County Court of Common Pleas, following his bench trial convictions for carrying a firearm without a license and persons not to possess firearms.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 25, 2020, York City Police Department Officers Ross Casteel and Tanner Hoover were on patrol in a high crime area of York City.  The officers were stopped at a stop sign in an area where they often encountered drug sales, drug use, and assaults, when they saw Appellant and another male walk

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 6105(a)(1), respectively.

in front of their patrol car. The officers "smelled an obvious overwhelming odor of burnt marijuana" and noticed one of the males was smoking a cigarillo type object. (N.T. Hearing, 1/13/21, at 8-9). Officer Casteel activated his overhead lights to conduct a stop, and both males fled. Officers later apprehended Appellant and, after conducting a search of his person, found a handgun in Appellant's jacket pocket.

The Commonwealth charged Appellant on April 7, 2020, with persons not to possess firearms and firearms not to be carried without a license. He filed an omnibus pretrial motion on May 11, 2020, seeking suppression of the handgun. After an *en banc* argument,[2] the trial court denied Appellant's motion to suppress on September 29, 2020. Appellant filed a motion to reconsider on October 26, 2020, and after a hearing on January 13, 2021, the court denied Appellant's motion.

Appellant proceeded to a bench trial on June 22, 2021. At the conclusion of trial, the court found Appellant guilty of both charges. On September 7, 2021, the court sentenced Appellant to an aggregate term of 4 to 8 years of incarceration. He filed a timely notice of appeal on September 28, 2021. On September 29, 2021, the trial court ordered Appellant to comply with

_____

[2] The court scheduled a hearing on the motion; however, the original hearing was continued. On June 19, 2020, the York County Court of Common Pleas conducted an *en banc* argument in this and other cases concerning the effect of the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101—10231.2110, in relation to whether the plain smell of marijuana can or should serve as a basis for probable cause for a warrantless search.

Pa.R.A.P. 1925(b). Appellant filed his concise statement on October 18, 2021.

Appellant raises one issue on appeal:

Whether the honorable trial court erred in denying Appellant's motion to suppress based upon the smell of marijuana alone [which] is insufficient to establish reasonable suspicion to initiate an investigative detention and subsequent arrest?

(Appellant's Brief at 4).

"Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Williams*, 941 A.2d 14, 26 (Pa.Super. 2008) (*en banc*) (internal citations omitted).

[W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Id.* at 27. If appellate review of the suppression court's decision "turns on allegations of legal error," then the trial court's legal conclusions are nonbinding on appeal and subject to plenary review. *Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (quoting *Commonwealth v. Jones*, 121 A.3d 524, 526-27 (Pa.Super. 2015), *appeal denied*, 635 Pa. 750, 135 A.3d 584 (2016)).

Appellant argues that police did not have reasonable suspicion to

conduct an investigative detention.  Appellant claims they stopped him based solely on the smell of marijuana, which Appellant contends is inadequate to establish reasonable suspicion.  Appellant emphasizes that no other circumstances were present to establish reasonable suspicion.  Appellant concludes that the investigative detention was illegal because the officers lacked reasonable suspicion that Appellant was engaged in criminal activity, and this Court must grant relief.  We disagree.

This Court has explained:

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from "unreasonable searches and seizures, including those entailing only a brief detention." **Commonwealth v. Strickler**, 563 Pa. 47, 56, 757 A.2d 884, 888 (2000).  Specifically, police officers may not conduct a warrantless search or seizure unless one of several recognized exceptions applies. **Commonwealth v. Blair**, [575 A.2d 593, 596 (Pa.Super. 1990)].  If a defendant's detention violates the Fourth Amendment, then any evidence seized during that stop must be excluded as fruit of an unlawful detention. **Id.**

**Commonwealth v. Mattis**, 252 A.3d 650, 654 (Pa.Super. 2021).

We categorize police interactions with members of the public into three general tiers of increasing intrusiveness, which require increasing levels of suspicion on the part of an officer who initiates them: (1) mere encounters, which require no suspicion; (2) investigative detentions, which require reasonable suspicion; and (3) custodial detentions, which require probable cause.  **Commonwealth v. Beasley**, 761 A.2d 621, 624 (Pa.Super. 2000), *appeal denied*, 565 Pa. 662, 775 A.2d 801 (2001).

"In determining whether police had reasonable suspicion to initiate an investigative detention, 'the fundamental inquiry is an objective one, namely, whether the facts available to police at the moment of the intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate.'" *Commonwealth v. Jefferson*, 256 A.3d 1242, 1248 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 1071 (2021) (quoting *Commonwealth v. Gray*, 784 A.2d 137, 142 (Pa.Super. 2001)). Demonstrating reasonable suspicion requires that the detaining officer "articulate something more than an inchoate and unparticularized suspicion or hunch." *Id.* (citation omitted).

Historically, Pennsylvania courts have held that the smell of marijuana alone was sufficient to establish a reasonable suspicion of criminal activity. However, after the passage of the MMA and legalization of medical marijuana in the Commonwealth, our Supreme Court revisited this issue. In *Commonwealth v. Hicks*, 652 Pa. 353, 208 A.3d 916 (2019), our Supreme Court held that "conduct in which hundreds of thousands of Pennsylvanians are licensed to engage lawfully" is, on its own, "an insufficient basis for reasonable suspicion that criminal activity is afoot." *Hicks, supra* at 400, 208 A.3d at 945 (2019).

Further, in *Commonwealth v. Barr*, ___ Pa. ___, 266 A.3d 25 (2021), the Court recognized that although "the MMA makes abundantly clear that marijuana no longer is *per se* illegal in this Commonwealth[,]" the possession

of marijuana is still illegal under the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-101-144, "for those not qualified under the MMA." **Barr, supra** at \_\_\_, 266 A.3d at 41. Accordingly, the **Barr** Court held that "the odor of marijuana may be a factor, but not a stand-alone one, in evaluating the totality of the circumstances for purposes of determining whether police had probable cause to conduct a warrantless search." **Id.**

This Court has had the opportunity to apply the **Hicks** and **Barr** decisions to various cases. In **Commonwealth v. Dabney**, 274 A.3d 1283, 1293 (Pa.Super. 2022), we assumed *arguendo* that **Barr** applies to a determination of reasonable suspicion for an investigative detention, and held that the officer could consider the odor of marijuana as well as other factors in making that determination. In **Commonwealth v. Lomax**, No. 470 MDA 2021 (Pa.Super. filed Feb. 14, 2022) (unpublished memorandum),[3] we held that the smell of fresh marijuana cannot objectively suggest anything more than possession of a substance that many Pennsylvanians can legally possess. Therefore, we concluded that it cannot, on its own, establish the reasonable suspicion necessary to initiate an investigative detention. More recently, in **Commonwealth v. Felder**, No. 1082 MDA 2021 (Pa.Super. filed Aug. 9, 2022), we recognized that the MMA does not permit the smoking of marijuana; therefore, knowledge that the appellant had paraphernalia for smoking

---

[3] We may cite unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

marijuana gave the officer reason to believe the marijuana was being used illegally.

Instantly, because the officers activated the emergency lights on their police car at the time they stopped Appellant, the interaction between the officers and Appellant constituted an investigative detention. **See Commonwealth v. Livingstone**, 644 Pa. 27, 48-49, 174 A.3d 609, 621-22 (2017). Therefore, for the stop to be lawful, the officers must have had a reasonable suspicion that criminal activity was afoot. **See Beasley, supra**.

At the suppression hearing, the court heard from Officer Casteel, who initiated the investigative detention. Officer Casteel testified that he and his partner were on patrol in a high crime area when they saw Appellant and his companion walking across the street, observed one of the men smoking a cigarillo, and smelled the odor of burnt marijuana. (**See** N.T. Hearing at 8-9, 11). The officer indicated that he had specialized training in recognizing the odor of burnt marijuana, and that it is a common practice to smoke a cigarillo that had been hollowed out and filled with marijuana leaf. (**Id.** at 9, 31). At this point, the officers concluded they had reasonable suspicion and activated their patrol car lights, initiating an investigative detention.

The trial court concluded that given the totality of the circumstances, the facts available to the officers, observing an individual smoking a cigarillo and smelling the odor of burnt marijuana, gave the officers reason to believe that marijuana was being illegally smoked. Therefore, it found that reasonable

suspicion supported the investigative detention, and denied Appellant's motion to suppress.

We agree with the trial court that the facts available to the officers were sufficient to establish reasonable suspicion. This case is distinguishable from **Barr** and **Lomax** because, here, the officers observed a cigarillo being smoked, and specifically smelled the odor of burnt marijuana. Because the MMA does not permit smoking marijuana out of a cigarillo, (**see** 35 P.S. § 10231.304(b) ("It is unlawful to: (1) Smoke medical marijuana")), we conclude that the officers had reasonable suspicion to justify an investigative detention. Therefore, the trial court did not err in denying Appellant's motion to suppress. **See Williams, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/23/2022